MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
EFRAIN GONZALEZ, *individually and on behalf of others similarly situated,*

                *Plaintiff Gonzalez,*

                -against-

BLEECKER SPAGHETTO, LLC. (d/b/a TRATTORIA SPAGHETTO), BLEECKER TRATTORIA, INC. (d/b/a TRATTORIA SPAGHETTO), TRATTORIA SPAGHETTO CORP. (d/b/a TRATTORIA SPAGHETTO), DONATO DI SAVERIO (a.k.a. DONATO VISAVIRO), RRUSTEM IBRAHIMAJ, RENE DOE, and DANNY ROE,

                *Defendants.*
-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Efrain Gonzalez ("Plaintiff Gonzalez" and "Mr. Gonzalez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants Bleecker Spaghetto, LLC. (d/b/a Trattoria Spaghetto), Bleecker Trattoria, Inc. (d/b/a Trattoria Spaghetto), Trattoria Spaghetto Corp. (d/b/a Trattoria Spaghetto) ("Defendant Corporationss"), Donato Di Saverio (a.k.a. Donato Visaviro), Rrustem Ibrahimaj, Rene Doe, and Danny Roe (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff was an employee of Defendants Bleecker Spaghetto, LLC. (d/b/a Trattoria Spaghetto), Bleecker Trattoria, Inc. (d/b/a Trattoria Spaghetto), Trattoria Spaghetto Corp. (d/b/a

Trattoria Spaghetto) ("Defendant Corporationss"), Donato Di Saverio (a.k.a. Donato Visaviro), Rrustem Ibrahimaj, Rene Doe, and Danny Roe.

2. Trattoria Spaghetto is an Italian restaurant owned by Donato Di Saverio (a.k.a. Donato Visaviro), Rrustem Ibrahimaj, Rene Doe, and Danny Roe located at 232 Bleecker Street, New York, New York 10014.

3. Upon information and belief, Defendants Donato Di Saverio (a.k.a. Donato Visaviro), Rrustem Ibrahimaj, Rene Doe, and Danny Roe serve or served as owners, managers, principals or agents of Defendant Corporationss and through these corporate entities operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Gonzalez was an employee of Defendants.

5. Plaintiff Gonzalez worked long days as a cook at the restaurant located at 232 Bleecker Street, New York, New York 10014.

6. Plaintiff Gonzalez regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked over 40 each week.

7. Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Gonzalez appropriately for any hours worked over 40.

8. Defendants' conduct extended beyond Plaintiff Gonzalez to all other similarly situated employees.

9. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Gonzalez and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiff Gonzalez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938,

29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

11. Plaintiff Gonzalez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Gonzalez's state law claims is conferred by 28 U.S.C. § 1367(a).

13. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Gonzalez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Efrain Gonzalez ("Plaintiff Gonzalez" or "Mr. Gonzalez") is an adult individual residing in Queens County, New York.

15. Plaintiff Gonzalez was employed by Defendants from approximately July 2016 until on or about June 20, 2017.

16. At all relevant times to this complaint, Plaintiff Gonzalez was employed by Defendants as a cook at Trattoria Spaghetto, located at 232 Bleecker Street, New York, New York 10014.

3

17. Plaintiff Gonzalez consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. Defendants own, operate and/or control an Italian restaurant located at 232 Bleecker Street, New York, New York 10014 under the name of Trattoria Spaghetto, at all times relevant to this complaint.

19. Upon information and belief, Defendant Bleecker Spaghetto, LLC. is a Corporations organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 232 Bleecker Street, New York, New York 10014 and its address of process at 80 State Street, Albany, NY 12207.

20. Upon information and belief, Defendant Bleecker Trattoria, Inc. is a Corporations organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 232 Bleecker Street, New York, New York 10014 and its address of process at 37-11 13th street, Long Island City, NY 11101.

21. Upon information and belief, Defendant Trattoria Spaghetto Corp. is a Corporations organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 232 Bleecker Street, New York, New York 10014.

22. Defendant Donato Di Saverio (a.k.a. Donato Visaviro) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Donato Di Saverio (a.k.a. Donato Visaviro) is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Donato Di Saverio (a.k.a.

Donato Visaviro) possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Donato Di Saverio (a.k.a. Donato Visaviro) determined the wages and compensation of employees, including Plaintiff Gonzalez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

23. Defendant Rrustem Ibrahimaj is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Rrustem Ibrahimaj is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Rrustem Ibrahimaj possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Rrustem Ibrahimaj determined the wages and compensation of employees, including Plaintiff Gonzalez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

24. Defendant Rene Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Rene Doe is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Rene Doe possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Rene Doe determined the wages and compensation of employees, including Plaintiff Gonzalez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

25. Defendant Danny Roe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Danny Roe is sued

individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Danny Roe possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Danny Roe determined the wages and compensation of employees, including Plaintiff Gonzalez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

26. Defendants own, operate and/or control an Italian restaurant located at 232 Bleecker Street, New York, New York 10014.

27. Individual Defendants Donato Di Saverio (a.k.a. Donato Visaviro), Rrustem Ibrahimaj, Rene Doe, and Danny Roe possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

28. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29. Each Defendant possessed substantial control over Plaintiff Gonzalez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Gonzalez, and all similarly situated individuals, referred to herein.

30. Defendants jointly employed Plaintiff Gonzalez, and all similarly situated individuals, and are Plaintiff Gonzalez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31. In the alternative, Defendants constitute a single employer of Plaintiff Gonzalez and/or similarly situated individuals.

32. Upon information and belief, Individual Defendants Donato Di Saverio (a.k.a. Donato Visaviro), Rrustem Ibrahimaj, Rene Doe, and Danny Roe operate Defendant Corporationss as either alter egos of themselves, and/or fail to operate Defendant Corporationss as entities legally separate and apart from themselves, by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporationss as separate and legally distinct entities;

(b) defectively forming or maintaining Defendant Corporationss, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporationss for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporationss for their own benefit and maintaining control over these corporations as closed Corporationss or closely controlled entities;

(f) intermingling assets and debts of their own with Defendant Corporationss;

(g) diminishing and/or transferring assets of Defendant Corporationss to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

33. At all relevant times, Defendants were Plaintiff Gonzalez's employers within the meaning of the FLSA and NYLL.

34. Defendants had the power to hire and fire Plaintiff Gonzalez, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Gonzalez's services.

35. In each year from 2016 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the Italian restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

37. Plaintiff Gonzalez is a former employee of Defendants, who was employed as a cook.

38. Plaintiff Gonzalez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Efrain Gonzalez*

39. Plaintiff Gonzalez was employed by Defendants from approximately July 2016 until on or about June 20, 2017.

40. At all relevant times, Plaintiff Gonzalez was employed by Defendants to work as a cook.

41. Plaintiff Gonzalez regularly handled goods in interstate commerce, such as food, condiments and supplies necessary to perform his duties as a cook.

42. Plaintiff Gonzalez's work duties required neither discretion nor independent judgment.

43. Throughout his employment with Defendants, Plaintiff Gonzalez regularly worked in excess of 40 hours per week.

44. From approximately July 2016 until on or about June 20, 2017, Plaintiff Gonzalez worked from approximately 3:00 p.m. until on or about 12:00 a.m. two days per week, from approximately 2:00 p.m. until on or about 11:00 p.m. two days per week and from approximately 12:00 p.m. until on or about 9:00 p.m. two days per week (typically 52 hours per week).

45. Throughout his employment, Plaintiff Gonzalez was paid his wages in cash.

46. From approximately July 2016 until on or about June 20, 2017, Plaintiff Gonzalez was paid a flat weekly salary of $750 per week.

47. Defendants only provided Mr. Gonzalez with a one-hour break period the days he worked from approximately 12:00 p.m. until on or about 9:00 p.m.

48. Plaintiff Gonzalez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

49. Defendants did not provide Plaintiff Gonzalez with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

50. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Gonzalez regarding wages as required under the FLSA and NYLL.

51. Defendants did not provide Plaintiff Gonzalez with each payment of wages a statement of wages, as required by NYLL 195(3).

52. Defendants did not give any notice to Plaintiff Gonzalez, in English and in Spanish (Plaintiff Gonzalez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53. Defendants required Plaintiff Gonzalez to purchase "tools of the trade" with his own funds—including 4 pairs of kitchen shoes.

*Defendants' General Employment Practices*

54. Defendants regularly required Plaintiff Gonzalez to work in excess of forty (40) hours per week without paying him the overtime wages.

55. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Gonzalez and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation, as required by federal and state laws.

56. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

57. Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Gonzalez with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Gonzalez's relative lack of sophistication in wage and hour laws.

58. Defendants paid Plaintiff Gonzalez all of his wages in cash.

59. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Gonzalez (and similarly situated individuals) worked,

and to avoid paying Plaintiff Gonzalez properly for (1) his full hours worked and (2) for overtime due.

60. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL. Defendants failed to provide Plaintiff Gonzalez' and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

61. Defendants failed to provide Plaintiff Gonzalez and other employees with accurate wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

62. Defendants failed to provide Plaintiff Gonzalez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid

by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

63. Plaintiff Gonzalez brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Trattoria Spaghetto (the "FLSA Class").

64. At all relevant times, Plaintiff Gonzalez and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

65. The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

66. Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though fully set forth herein.

67. Defendants, in violation of the FLSA, failed to pay Plaintiff Gonzalez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

68. Defendants' failure to pay Plaintiff Gonzalez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

69. Plaintiff Gonzalez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NYSLL

70. Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though fully set forth herein.

71. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Gonzalez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

72. Defendants failed to pay Plaintiff Gonzalez (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

73. Defendants' failure to pay Plaintiff Gonzalez (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

74. Plaintiff Gonzalez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS

## OF THE NEW YORK LABOR LAW

75. Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though fully set forth herein.

76. Defendants failed to provide Plaintiff Gonzalez with a written notice, in English and in Spanish (Plaintiff Gonzalez's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

77. Defendants are liable to Plaintiff Gonzalez in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

78. Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though set forth fully herein.

79. Defendants did not provide Plaintiff Gonzalez with wage statements upon each payment of wages, as required by NYLL 195(3).

80. Defendants are liable to Plaintiff Gonzalez in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

81. Plaintiff Gonzalez repeats and realleges all paragraphs above as though set forth fully herein.

82. Defendants required Plaintiff Gonzalez to purchase "tools of the trade" with his own funds—including 4 pairs of kitchen shoes.

83. Plaintiff Gonzalez was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gonzalez respectfully requests that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gonzalez and the FLSA class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Gonzalez's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Gonzalez and the FLSA class members;

(e) Awarding Plaintiff Gonzalez and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Gonzalez and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages

for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gonzalez and the members of the FLSA Class;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Gonzalez's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Gonzalez and the FLSA Class members;

(j) Awarding Plaintiff Gonzalez and the FLSA class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, under the NYLL as applicable;

(k) Awarding Plaintiff Gonzalez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(l) Awarding Plaintiff Gonzalez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(m) Awarding Plaintiff Gonzalez and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(n) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(o)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Gonzalez demands a trial by jury on all issues triable by a jury

Dated: New York, New York
       October 30, 2017

                              MICHAEL FAILLACE & ASSOCIATES, P.C.

                              /s/ Michael Faillace
            By:   Michael A. Faillace [MF-8436]
                  60 East 42nd Street, Suite 4510
                  New York, New York 10165
                  (212) 317-1200
                  *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 26, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name/ Nombre:                                   Efrain Patricio Gonzalez Calle

Legal Representative/ Representante             Michael Faillace & Associates, P.C.
Legal:

Signature/ Firma:                               *[signature]*

Date/ Fecha:                                    October 26, 2017

*Certified as a minority-owned business in the State of New York*