# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

August 17, 2018

**BY ELECTRONIC MAIL**
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

    Re: <u>Gonzalez, et al. v. Bleecker Spaghetto LLC, et al.</u>,
       17-cv-8363 (KPF)

Your Honor:

  This office represents Plaintiff in the above referenced matter. The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. Plaintiff submits this letter setting forth our views on why the agreed upon settlement in this matter is fair. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

  Plaintiff contends that he was employed by Defendants to work at a restaurant operating under the name Trattoria Spaghetto located at 232 Bleecker Street, New York, New York 10014. Plaintiff alleges Defendants maintained a policy and practice of requiring the Plaintiff to work in excess of forty hours per week without paying him the minimum wage and overtime compensation required by federal and state laws. Plaintiff therefore brought this action to recover minimum wages, overtime wages, spread of hours pay, liquidated damages, interest, attorneys fees, and costs pursuant to The Fair Labor Standards Act of 1938, 29 U.S.C. 201 *et seq.* ( FLSA , the New York Minimum Wage Act, N.Y. Lab. Law 650 *et seq.*, and the spread of hours wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, 146-1.6 (herein the Spread of Hours Wage Order).

  Defendants denied the allegations in the Complaint.

2. **Settlement Terms**

  Plaintiff alleges that he is entitled to back wages of approximately $19,687.50. Plaintiffs estimate that if they had recovered in full for their claims, they would be entitled to approximately $51,401.66, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. In light of the parties' disputes concerning numerous key facts that could

mitigate Plaintiff's potential recovery, the parties have agreed to settle this action for the total sum of $15,000.00. The settlement will be paid in three installments.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Defendants contested Plaintiff's period of employment and hours worked as well as his rate of pay; to the extent that Defendants were to prevail on these issues at trial, Plaintiff's recovery would be substantially limited as compared to his estimates of damages above.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

Plaintiff notes the parties' agreement contains a limited confidentiality provision at Defendants' request. This provision is modeled after the Court's decision in *Mobley v. Five Gems Mgmt. Corp.*, 2018 U.S. Dist. LEXIS 59104 (S.D.N.Y. Apr. 6, 2018).

### 3. **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with the Plaintiff, Plaintiff's counsel will receive $5,000 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

Plaintiff's counsel's lodestar in this case is $7,221.25. A copy of counsel's billing record is attached as "Exhibit B." The amount provided to counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Page 3

Given counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

      i.      My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

      a.      Shawn Clark is a Senior Associate at Michael Faillace & Associates, P.C., and is billed at the rate of $375 per hour. This is his standard rate for matters on which he is paid at an hourly rate. Attorney Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an articles editor for the New York University Journal of Legislation and Public Policy. During law school Attorney Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted United States District Judge John Gleeson with formulating a curriculum for newly appointed appellate judges at New York University's Opperman Institute for Judicial Administration.

Following law school, Attorney Clark was awarded a NYPD Law Graduate Fellowship, a program by the New York City Police Foundation and New York City Law Department which selects a single outstanding law school graduate per year. In 2010, Attorney Clark worked in the Legal Bureau of NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. In the remaining years of the fellowship Attorney Clark was assigned to the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York. He has practiced employment law with Michael Faillace & Associates since 2014. He was selected as a Super Lawyers Rising Star for 2015 through 2018..

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                      Respectfully submitted,

                      /s/Michael Faillace
                      Michael Faillace
                      MICHAEL FAILLACE & ASSOCIATES, P.C.
                      Attorneys for the Plaintiff

Page 4

Enclosures